**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JESSE SLEDGE, ID # 531827** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:10-CV-0456-P (BH)** |
| | ) | **ECF** |
| **RICK THALER, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

## I. BACKGROUND

### A. Factual and Procedural History

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

After having pled guilty, petitioner was convicted of burglary of a building in Cause No. F89-88052-QU, enhanced by two prior convictions, on November 28, 1989. He received a sentence of twenty-five years pursuant to a plea agreement. (State Habeas Transcript [WR-56,318-02]:31-35). He did not appeal his conviction or sentence. Petitioner was paroled on April 17, 1992. His parole was revoked on September 26, 2001, and he returned to TDCJ custody without any new criminal charge. Petitioner received credit against his sentence from April 19, 2000. (Response (Resp.), Ex. A). He was released on mandatory supervision on July 31, 2009. (Resp., Ex. B).

On April 2, 2003, petitioner filed his first state application for writ of habeas corpus concerning his parole revocation. This application was dismissed by the Texas Court of Criminal

Appeals on July 30, 2003, because he had not exhausted his administrative remedies. (S.H.Tr.[WR-56,318-01]:cover, 1; *see also* TEX. GOV'T CODE ANN. § 501.0081 (Vernon 1999)).  On December 4, 2009, petitioner filed a second writ application, and it was denied by the Court of Criminal Appeals without written order on February 3, 2010. (S.H.Tr.[WR-56,318-02]:cover, 2).[1]

Petitioner mailed this federal petition on February 26, 2010. (Pet. at 9).  Respondent filed a response on May 7, 2010, and petitioner filed a reply brief on May 24, 2010.

B. **Substantive Claims**

Petitioner claims that his constitutional rights have been violated because: 1) he has been punished for the same crime more than once; 2) his punishment has been increased; 3) his due process rights have been violated; and 4) parole administrative authorities have engaged in discriminatory practices.  (Pet. at 5-6).  Respondent contends that petitioner's first and third grounds for relief are either barred by the statute of limitations or without merit and that his second and fourth grounds are not cognizable in a federal habeas petition.

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.  Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court pro-

---

[1]  Petitioner has also filed two prior federal habeas petitions concerning his parole revocation.  The first one, filed on August 30, 2002, was dismissed without prejudice because he had not exhausted his state remedies.  *Sledge v. Cockrell*, 3:02-cv-1867-R (N.D. Tex. Oct. 29, 2002).  The second, filed on May 18, 2004, was dismissed as barred by the statute of limitations.  *Sledge v. Dretke*, 3:04-cv-1066-H (N.D. Tex. July 22, 2004).

ceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established

federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000).  Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).  The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### III.  TIME CREDIT CLAIMS

In his first and third grounds for relief, petitioner claims that he is being punished for the same crime twice, his due process rights have been violated because the discharge date for his sentence has been changed, and he has been denied work time, flat time, and good time credit towards his sentence.  Respondent contends that these claims are barred by the statute of limitations because they relate to his 2001 parole revocation, and that they are without merit.  Petitioner replies that these claims relate to his 2009 release to mandatory supervision, not his previous parole revocation.  (Reply at 2).

### A.  <u>Statute of Limitations</u>

One of the major changes resulting from AEDPA is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively

applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Here, the one-year statute of limitations is calculated from the date on which petitioner knew or should have known with the exercise of due diligence the facts supporting his claims that he is being punished for the same crime twice and that his due process rights have been violated. Because petitioner complains that his discharge date changed and that previously-awarded time credits were forfeited when his parole was revoked, and that he was not given any credit for the time he spent on parole, these claims relate to the 2001 parole revocation. Therefore, the date on which he knew or should have known the facts supporting these claims was the date his parole was revoked, and these claims in his 2010 petition are untimely.

1. *Statutory Tolling*

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Because petitioner's state habeas applications were not filed within the one-year limitations period after his 2001 parole revocation, he is not entitled to statutory tolling.

2. *Equitable Tolling*

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th

5

Cir. 2000). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).

Here, petitioner presents no argument or evidence that he was prevented from filing his state writs or federal writ earlier and therefore fails to meet his burden to show that he is entitled to any equitable tolling. With respect to his parole revocation, these claims are barred by the statute of limitations and should be denied on that basis.

## B.  Merits

Even construing petitioner's discharge date and time credits claims as relating to his denial of mandatory supervision rather than his parole revocation, making them timely, they lack merit.

Petitioner was sentenced to a twenty-five year sentence beginning in 1989 for a burglary conviction. When he was initially released on parole in 1992, his discharge date was October 19, 2014, twenty-five years after his sentence began. (Response, Ex. A). Because petitioner did not receive credit for the eight years and two days he was on parole, the expiration date for his sentence is now October 20, 2022. *Id*. This discharge date reflects that petitioner is being required to serve the remaining twelve years of his sentence; his sentence has not been increased.

To the extent that petitioner is complaining that he did not receive credit for the time he spent

on parole, Texas law at the time he returned to custody for a parole violation provided that he would not be entitled that credit if the time remaining on his sentence was greater than the eight years he spent on parole.  *See* TEX. GOV'T CODE ANN. § 508.283(c) (Vernon 1997).  The Fifth Circuit has declined to hold that there is any federal constitutional right to the reduction of a sentence of a parole violator for time spent on parole. *See Morrison v. Johnson*, 106 F.3d 127, 129 n. 1 (5th Cir. 1997); *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996).  Petitioner has also failed to either allege or demonstrate that he has otherwise been denied any flat time by the state.

As for petitioner's good time and work time claims, Texas law provides that good conduct time, including that earned in a work program, applies only to an inmate's eligibility for release on parole or mandatory supervision and does not otherwise affect a sentence. TEX. GOV'T CODE ANN. § 498.003(a) (Vernon 1989).  The Fifth Circuit has overruled a challenge to the constitutionality of this statute because these credits do not affect the length of an inmate's term of imprisonment. *Gordon v. Perry*, 2007 WL 4373046 at *1 (5th Cir. Dec. 13, 2007), *citing Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  The state court's denial of petitioner's claims regarding his discharge date and time credits on their merits is not contrary to federal law, and they should be denied.

### IV.  MANDATORY SUPERVISION CONDITIONS

Petitioner also complains about various conditions of his mandatory supervision and the circumstances surrounding his release on mandatory supervision.  In his second ground, he claims that he is receiving increased punishment because he has been placed on electronic monitoring and in a sex offender program due to a previous conviction.  In his fourth ground, petitioner contends that parole authorities have exercised discriminatory practices because his sex offender counselor does not permit him to worship in the church of his faith, he can only look for work two days a

7

week, and he was forced to sign the mandatory supervision contract on threat of being sent back to prison.  In his third ground, petitioner asserts that his due process rights were violated because he was forced to sign the parole certificate without legal counsel present, without knowledge of the conditions therein, and he was placed under a judgment that was not enacted at the time of his previous conviction.  Respondent contends that petitioner's claims regarding the conditions of his mandatory supervision parole are not cognizable in a federal habeas petition and should instead be brought in a civil rights suit under 42 U.S.C. § 1983.

    1. *Right to Counsel*

Courts in this district have held that a prisoner has no constitutional right to representation by counsel at the stage of the proceedings where he is to be released on parole.  *Brooks v. Dretke*, 3:04-cv-1407-P, 2005 WL 169255 at *3 (N.D. Tex. Jan. 24, 2005); *Ross v. Cockrell*, 3:02-cv-1331-L, 2002 WL 31415979 at *3 (N.D. Tex. Oct. 17, 2002); *Stevens v. Johnson*, 4:00-cv-1520-A, 2001 WL 803693 at *5 (N.D. Tex. July 11, 2001).  As the courts noted, the Supreme Court has held that even at the parole revocation stage, where a parolee may be returned to prison, there is no absolute right to counsel, and the need for counsel is instead determined on a case-by-case basis.  *See Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).  Petitioner has shown no constitutional right to counsel at the time of release on parole, when he signed his parole certificate.  The state habeas court's denial of this claim is therefore not contrary to federal law.

    2. *Electronic Monitoring and Sex Offender Treatment*

Petitioner further contends that his federal constitutional rights have been violated because he is subject to electronic monitoring and sex offender treatment, and that he did not understand these conditions of mandatory supervision when he signed his parole certificate.  Respondent argues

8

that these claims are not cognizable in a federal habeas petition and should instead be brought in a civil rights suit under 42 U.S.C. § 1983.

According to his mandatory supervision certificate, petitioner is under the Super-Intensive Supervision Program (SISP), which requires electronic monitoring. (Resp., Ex. B).  This program was adopted by the Texas legislature in 1997 to provide the "highest level of supervision" for certain inmates released on parole from prison. *See* TEX. GOV'T CODE ANN. § 508.317(c) (Vernon 2004). Petitioner's certificate also reflects that he is required to participate in a sex offender treatment program, which includes registration as a sex offender, enrollment and participation in a treatment program as directed by the supervising parole officer, and any additional written conditions imposed by the parole officer. (Resp., Ex. B).  Petitioner complains that the requirement that he participate in the sex offender treatment program is based on a prior conviction for which he has already served a sentence and that he did not understand these conditions when he signed his parole contract but was forced to sign it or be sent back to prison. (Pet. at 5-6).  It is unclear whether petitioner's prior conviction was a sex offense conviction.

The Fifth Circuit has stated that "[g]enerally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement" whereas a habeas petition is the appropriate vehicle to seek release from custody.  *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997).  The only function of habeas relief is to grant relief from unlawful imprisonment or custody.  *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).  The Supreme Court noted that

> [it} has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody.

*Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).  On the other hand, § 1983 is available for procedural challenges where success in the action would not necessarily result in either the immediate or the speedier release of a prisoner from confinement.  *Id.*

Here, petitioner challenges certain conditions of his confinement, including the electronic monitoring and sex offender treatment that he is subject to while on mandatory supervision. Because he is currently on mandatory supervision, success in his challenges to these requirements would not result in an earlier release from custody.  He would only be relieved of compliance with these conditions.  The appropriate vehicle for these claims is therefore a § 1983 suit.  *See Meza v. Livingston*, __ F.3d. __, 2010 WL 2000517 (5th Cir. May 20, 2010) (finding in context of § 1983 suit that due process rights of parolee were violated by the enforcement of sex-offender conditions as part of his mandatory supervision because he had never been convicted of a sex offense.); *compare Coleman v. Dretke*, 395 F.3d 216, 219 n. 2 (5th Cir. 2004) (holding that petitioner in custody as a result of revocation of mandatory supervision for failure to comply with sex offender conditions correctly challenged the imposition of those conditions without due process under the habeas statute because he was seeking release), *reh'd en banc denied,* 409 F.3d 665 (5th Cir. 2005). Because petitioner's claims regarding electronic monitoring and sex offender treatment, including his claims that he was forced to sign the parole certificate without knowledge of these conditions, are claims regarding conditions of confinement, they are not cognizable in a federal habeas petition. These claims should therefore be dismissed without prejudice.

## V.  RECOMMENDATION

The Court should find petitioner's time credit claims barred by the statute of limitations and without merit and **DENY** them with prejudice.  The Court should find petitioner's claim regarding

his right to counsel at the time of his release on mandatory supervision to be without merit and

**DENY** it with prejudice.  It should also find petitioner's claims regarding electronic monitoring and

sex offender treatment while on mandatory supervision to be non-cognizable on federal habeas

review and **DISMISS** them without prejudice.

> **SO RECOMMENDED on this 28th day of June, 2010.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11